JAY CLAYTON
United States Attorney for the
Southern District of New York
By:     EMILY DEININGER
        Assistant United States Attorney
        26 Federal Plaza
        New York, New York 10278
        (212) 637-2472

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :       VERIFIED CIVIL COMPLAINT
                Plaintiff,                                        :       FOR FORFEITURE
          -v.-                                                    :
                                                                          25 Civ. 5296
$150,000.25 IN UNITED STATES CURRENCY                             :
SEIZED BY THE GOVERNMENT ON OR
ABOUT SEPTEMBER 14, 2023;                                         :

and                                                               :

$373,928.00 IN UNITED STATES CURRENCY                             :
SEIZED BY THE GOVERNMENT ON OR
ABOUT SEPTEMBER 14, 2023;                                         :

                Defendants-*in-rem*.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(A), by the United States of America seeking the forfeiture of $150,000.25 and $373,928.00 in United States currency seized by the Government on or about September 14, 2023 (the "Defendants-*in-rem*").

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A), which provides that a forfeiture action may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and pursuant to Sections 1395(b) and (c) of the same title, which provides that a civil forfeiture proceeding for the forfeiture of property may be brought "in any district where such property is found" or "any district into which the property is brought."

3. The Defendants-*in-rem* are currently held in the Seized Asset Deposit Fund account of the United States Marshals Service (the "USMS") which is located in the Southern District of New York.

4. As set forth below, the Defendants-*in-rem* are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) as property involved in violations of Title 18, United States Code, Sections 1956 (money laundering), or property traceable thereto.

## FACTUAL ALLEGATIONS

5. In or around 2023, the the New Jersey Division ("NJD") of the Drug Enforcement Administration (the "DEA") began investigating a group of narcotics traffickers and

2

money launderers who operate in New York City, Mexico and elsewhere (the "Investigation"). During the course of the Investigation, the DEA identified an individual who had laundered narcotics proceeds in New York City on behalf of money-laundering brokers located in Mexico ("Individual-1"). In or about September 18, DEA agents approached Individual-1, and Individual-1 subsequently agreed to cooperate with law enforcement.[1]

6. On or about September 14, 2023, as part of the Investigation, law enforcement agents with the DEA established surveillance in the vicinity of Bayway Avenue in Elizabeth, New Jersey (the "Delivery Location") to observe a potential delivery of approximately $300,000 in United States currency believed to be narcotics proceeds, which had been arranged by Individual-1 with an individual whom Individual-1 knew to be a Colombia-based money laundering broker who laundered narcotics proceeds (the "Broker").

7. At the designated time for delivery, an undercover DEA Special Agent ("UC") was advised by the Broker that he was in the area of the Delivery Location to complete the delivery.

8. DEA agents observed an unidentified Hispanic male, later identified as Diego F. Reyes-Soto ("Reyes-Soto") walking in the area of the Delivery Location carrying a weighted, black backpack on his back.

9. The UC advised the Broker that he was running behind schedule due to traffic and could meet later that afternoon. The Broker would not agree to meet at a later time and

---

[1] Individual-1 pled guilty in the Southern District of New York to a charge related to Individual-1's involvement in money laundering. Individual-1 is cooperating with law enforcement in an attempt to earn a motion from the Government for a lenient sentence.

canceled the delivery.

10. DEA agents maintained surveillance on Reyes-Soto and observed him enter a black Toyota Highlander bearing New Jersey license plates J56RCJ (the "Vehicle") for which Reyes-Soto was the registered owner.

11. The Vehicle was observed traveling to and parking at a residence's location on Chandler Avenue, Linden, New Jersey. Reyes entered the residence with the same backpack.

12. A short time later, the DEA agents observed Reyes-Soto exit the residence with the same backpack (the "Backpack").

13. DEA agents approached Reyes-Soto, identified themselves and asked for consent to search the Backpack. Reyes-Soto consented to the search of the Backpack and DEA agents discovered $150,000.25 in United States currency ("Seized Currency-1").

14. The Seized Currency-1 consisted of the following currency denominations: 15 one dollar bills, 81 five dollar bills, 223 ten dollar bills, 6,365 twenty dollar bills, 1 fifty dollar bill, 200 one hundred dollar bills, and 1 quarter.

15. Subsequently, DEA agents asked for and were given consent by Reyes-Soto to search his residence located on Chandler Avenue, Linden, New Jersey that he had just exited.

16. DEA agents conducted a search of Reyes-Soto's bedroom and located two locked safes in the closet of a bedroom (the "Safes"). Reyes-Soto gave consent to search the Safes and gave the DEA agents the passcodes.

17. Upon opening the Safes, the DEA agents discovered $373,928 in United States currency (the "Seized Currency-2").

18. The Seized Currency-2 consisting of the following currency denominations:

3 one dollar bills, 325 five dollar bills, 26 ten dollar bills, 367 twenty dollar bills, 322 fifty dollar bill, 3,486 one hundred dollar bills.

19. Additionally, the DEA agents discovered a notebook/ledger containing handwritten notes related to banking records and money pickups in a cabinet drawer of the bedroom belonging to Reyes-Soto.

20. It is common for individuals involved in both narcotics trafficking and money laundering of narcotics proceeds to move large quantities of cash bundled in small denominations, and to keep ledgers related to transactions involving narcotics and/or narcotics proceeds.

**CLAIM FOR FORFEITURE**

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

21. Paragraphs 1 through 20 of this Complaint are repeated and re-alleged as if fully set forth herein.

22. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "(a)ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property."

22. Title 18, United States Code, Section1956(a), commonly known as the "money laundering" statute, imposes a criminal penalty upon

> "(a)(1) [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to

conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -- (A)(i) with the intent to promote the carrying on of specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or (B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law."

23. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any offense listed under 18 U.S.C. § 1961(1). Section 1961(1)(D) lists as an offense, "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

24. By reason of the above, the Defendant-*in-rem* is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or constitutes property traceable to such property.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-*in-rem,* and that all persons having an interest in the Defendants-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      June 25, 2025

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

By: _____
        EMILY DEININGER
        Assistant United States Attorney
        26 Federal Plaza, 38th Floor
        New York, New York 10278
        Telephone: (212) 637-2472

## VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK  )

ALEXANDER W. MATT, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the United States Drug Enforcement Administration; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

*[signature]*
ALEXANDER W. MATT
Special Agent
Drug Enforcement Administration

Executed on this
25th day of June, 2025